# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | |
|---|---|
| Carl Roberts ) | |
|    *Plaintiff* ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Bluegrass Credit Corporation ) | |
|    *Defendant* ) | |
| Serve: ) | |
|    James S. Miller ) | |
|    908 East Main St. ) | |
|    Unit 1 ) | |
|    Richmond, KY 40475 ) | |
| ) | |
| Trans Union, LLC ) | |
|    *Defendant* ) | |
| Serve: ) | |
|    The Prentice Hall Corp. System ) | |
|    421 West Main Street ) | |
|    Frankfort, KY 40601 ) | |

## **COMPLAINT and DEMAND FOR JURY TRIAL**

### INTRODUCTION

1.    This is an action brought by Plaintiff Carl Robert for violations of the the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FCRA § 1681p.

### PARTIES

3.    Plaintiff Carl Roberts is a natural person who reside in Breathitt County, Ky. Mr. Roberts is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4.    Defendant Bluegrass Credit Corporation ("BCC") is a Kentucky corporation and is a furnisher of credit information within the meaning of the FCRA.

5.     Defendant Trans Union, LLC ("Trans Union") is a foreign limited liability company, with its principal place of business located at 555 West Adams, Chicago, IL 60661. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

6.     On February 4, 2016, BCC sued Mr. Roberts jointly with Susan Mitchell on a note that Mr. Roberts cosigned with Mr. Mitchell. BCC brought the lawsuit in the Breathitt District Court, Case No. 16-C-00028.

7.     After he was served with the summons and complaint, Mr. Roberts reached an agreement with BCC and the parties entered into an agreed judgment. The Agreed Judgment was filed in the official court record on March 15, 2016.

8.     A true and accurate copy of the Agreed Judgment is attached as Exhibit "A."

9.     Within a year, Mr. Roberts paid off the BCC debt and Agreed Judgment in full.

10.    BCC's counsel prepared and filed a Notice of Satisfaction of Judgment in the Breathitt District Court Case No. 16-C-00028 (the "Satisfaction of Judgment").

11.    A true and accurate copy of the filed Satisfaction of Judgment is attached as Exhibit "B."

12.    The Satisfaction of Judgment was filed of record on January 19, 2017.

13.    The Satisfaction of Judgment is a public record open and available for all to see and review.

14.    On January 23, 2017, Mr. Roberts applied for a home and loan.

15.    Mr. Roberts was denied the loan in large part because the Breathitt judgment was still showing as unsatisfied and because BCC was still reporting that the underlying loan was in default with a balance still due and owing.

16.    On February 7, 2017, Mr. Roberts sent a dispute letter to Defendant Trans Union. In his letter, Mr. Roberts disputed the negative tradeline reported by BCC and the unsatisfied judgment still showing in the public record section of his credit report.

17.    TU had a statutory obligation to forward Mr. Roberts' dispute to BCC.

18.    Upon information and belief, TU complied with its statutory duty and sent BCC notice of Mr. Roberts's dispute, which thereby triggered BCC's duty under 15 U.S.C. § 1681s-2(b) to reinvestigate the BCC debt.

19. BCC failed to conduct a reasonable investigation into Mr. Roberts' dispute concerning the negative credit information concerning Mr. Roberts and the BCC tradeline that BCC is furnishing to one or more consumer reporting agencies.

20. BCC falsely verified the accuracy of the disputed negative credit information to one or more consumer reporting agencies.

21. As a result of BCC's failure to conduct a reasonable investigation of Mr. Roberts's dispute, Mr. Roberts suffered actual damages in the form of a lowered credit score and denial of credit.

22. In response to TU's notice of Mr. Roberts' dispute, BCC had a statutory duty to notify TU that Mr. Roberts had disputed its tradeline.

23. Upon information and belief, BCC complied with its statutory duty under 15 U.S.C. § 1681s-2(a)(3) and notified TU that Mr. Roberts had disputed the tradeline furnished by BCC.

24. On March 17, 2017, Mr. Roberts again applied for a home loan. He was again denied the mortgage as a result of the false and inaccurate information furnished by BCC and as reported by Trans Union.

25. After the loan denial, Mr. Roberts reviewed the credit report the lender relied on in making its decision to deny Mr. Roberts credit.

26. Mr. Roberts' March 17th credit report included the following information concerning the BCC tradeline reported by Trans Union:

**Original Tradelines**

File: 8049048
**CARL E ROBERTS**     File ID: 1

| Creditor Name | | Opened | High Balance | Credit Limit | Terms | Status |
|---|---|---|---|---|---|---|
| BLUEGRASS CR | | 11/09 | $6,147 | $ — — | 36 | CHARGE OFF |
| Account Number | | Reported | Balance | Past Due | ECOA | 30 - 60 - 90+ |
| 66821 | | 01/17 | $183 | $243 | J | 1 - 1 - 31 |
| Account Type | KOB | Last Activity | Payment | Member ID | Bureau | Payment History |
| INST | F | 01/17 | $171 | F 01RDH001 | TRANSUNION | 9 |
| Remarks | | | | | | |
| PROFIT AND LOSS WRITEOFF | | | | | | |

27. At the time Mr. Roberts' home loan application was reviewed, Trans Union was falsely reporting the above information. Mr. Roberts paid off the Agreed Judgment in full. So there is no outstanding balance on the Agreed Judgment or the BCC tradeline. Mr. Roberts paid regularly under the terms of the Agreed Judgment. So the 31 month listing of 90+ late is also false and inaccurate. Also, Trans Union failed to indicate that Mr. Roberts had disputed the BCC tradeline.

28. Trans Union did correct the erroneous information concerning the unsatisfied BCC judgment that was appearing in the public-record section of Mr. Roberts' credit report.

29. Trans Union violated the FCRA by failing to conduct a reasonable investigation of Mr. Roberts' dispute concerning the accuracy of the BCC tradeline it was reporting and by failing to note that the BCC tradeline was "disputed."

30. In the alternative, Trans Union violated the FCRA by failing to promptly notify BCC of Mr. Roberts' dispute.

31. As a result of Trans Union's violations of the FCRA, Mr. Roberts suffered actual damages in the form of a lowered credit score and denial of credit.

32. BCC violated the FCRA by failing to conduct a reasonable investigation of Mr. Roberts's dispute after receiving notice of the dispute from one or more consumer reporting agencies.

## CLAIMS FOR RELIEF

I. **Claims against Bluegrass Credit Corporation**

33. The foregoing acts and omissions of Bluegrass Credit Corporation ("BCC") violate the FCRA.

### i. **Violations of 15 U.S.C. § 1681n**

34. After being informed by Trans Union that Mr. Roberts disputed the accuracy of the information it was furnishing to Trans Union concerning Mr. Roberts and the BCC tradeline, BCC willfully failed to conduct a proper investigation of Mr. Roberts's disputes, filed with Trans Union, that BCC was furnishing false negative credit information about Mr. Roberts and the BCC tradeline, which Mr. Roberts had paid in full.

35. BCC willfully failed to review all relevant information purportedly provided by Trans Union to BCC in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

36. BCC willfully failed to direct Trans Union to delete inaccurate information about Mr. Roberts pertaining to the BCC tradeline as required by 15 U.S.C. § 1681s-2(b)(C).

37. Mr. Roberts has a private right of action to assert claims against BCC arising under 15 U.S.C. § 1681s-2(b).

38. BCC is liable to Mr. Roberts for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### ii. Violation of 15 U.S.C. § 1681o

39. After being informed by Trans Union that Mr. Roberts disputed the accuracy of the information it was furnishing to Trans Union concerning Mr. Roberts and the BCC tradeline, BCC negligently failed to conduct a proper investigation of Mr. Roberts's disputes, filed with Trans Union, that BCC was furnishing false negative credit information about Mr. Roberts and the BCC tradeline, which Mr. Roberts had paid in full.

40. BCC negligently failed to review all relevant information purportedly provided by Trans Union to BCC in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

41. BCC negligently failed to direct Trans Union to delete inaccurate information about Mr. Roberts pertaining to the BCC tradeline as required by 15 U.S.C. § 1681s-2(b)(C).

42. Mr. Roberts has a private right of action to assert claims against BCC arising under 15 U.S.C. § 1681s-2(b).

43. BCC is liable to Mr. Roberts for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## II. Claims against Trans Union, LLC

44. The foregoing acts and omissions by Trans Union, LLC ("Trans Union") violate the FCRA.

### A. Violation of 15 U.S.C. § 1681i(a)

45. Trans Union failed to properly reinvestigate Mr. Roberts' disputes and continued to prepare and publish false consumer reports that reported inaccurate information concerning the BCC tradeline.

46. Trans Union failed to use reasonable procedures to reinvestigate Mr. Roberts' disputes and, likewise, took inadequate action to correct Mr. Roberts' consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

47. Trans Union failed to take necessary and reasonable steps to prevent further inaccuracies from entering Mr. Roberts' credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by Trans Union and relayed for further use, reliance and publication by its subscribers.

48. Trans Union failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Mr. Roberts' consumer reports and as contained in its consumer reporting data bank, as required by the Fair Credit Reporting Act.

49. Trans Union willfully, or alternatively, negligently, violated the Fair Credit Reporting Act 15 U.S.C. 1681i(a).

### B. Violation of 15 U.S.C. § 1681c(f)

50. Mr. Roberts disputed the BCC tradeline with Trans Union and BCC.

51. BCC had a duty under 15 U.C.S. § 1681s-2(a)(3) to notify Trans Union of Mr. Roberts' dispute after BCC was notified of Mr. Roberts' dispute.

52. After being notified by BCC that Mr. Roberts had disputed the BCC tradeline, Trans Union had a duty under 15 U.S.C. § 1681c(f) to indicate Mr. Roberts' dispute.

53. Mr. Roberts March 17, 2017 Trans Union credit report failed to indicate that Mr. Roberts had disputed the BCC tradeline.

54. Trans Union willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681c(f).

IN THE ALTERNATIVE,

### C. Violation of 15 U.S.C. § 1681i(a)(2)

55. Upon receipt of Mr. Roberts' dispute concerning the BCC tradeline, Trans Union had a duty provide prompt notice of Mr. Roberts' dispute to BCC.

56. In the event that Trans Union failed in its duty to provide prompt notice of Mr. Roberts' dispute to BCC, then Trans Union violated 15 U.S.C. § 1681i(a)(2).

57. Trans Union willfully, or alternatively, negligently, violated the Fair Credit Reporting Act 15 U.S.C. 1681i(a)(2).

58. Trans Union is liable to Mr. Roberts for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union is liable to Mr. Roberts for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Carl Roberts request that the Court grant him the following relief:

1. Award Plaintiff maximum statutory damages against each Defendant pursuant to the FCRA;

2. Award Plaintiff actual damages against each Defendant;

3. Award Plaintiff punitive damages;

4. Award Plaintiff reasonable attorney's fees and costs;

5. A trial by jury; and

6. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com

James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com